### 254

Jane E. Gilson
vs.
James E. Gilson
} Div. No. 10407

RESCRIPT

December 13, 1918

SWEENEY. J. Heard on petition for an absolute divorce on the grounds of extreme cruelty and neglect to provide, and for the custody of a minor child.

The ground of extreme cruelty was abandoned and the trial proceeded on the ground of neglect to provide. Much testimony was introduced but the Court has duly considered all of the evidence, and in its judgment the fair preponderance of the evidence proves, that the petitioner has supported herself and child for more than three years last past and that the respondent has been capable of supporting them during this time but that he has neglected to do so.

The respondent claimed that the petitioner is not a proper person to have the custody of their child, but the Court is of the opinion that she will give the child better care and attention than he would give it, and that it will be for the best interests of the child to remain with her mother.

The petition is therefore granted on the ground of neglect to provide necessaries for the subsistence of the petitioner, and the petitioner is awarded the custody of the child until the further order of Court, with the privilege to the respondent to see the child at reasonable times.

For petitioner: William G. Troy.

For respondent: Patrick E. Dillon.

---

### 255

Felix Dzikowski
vs.
Rhode Island Company
} No. 39868

DECISION

December 21, 1918

DORAN, J. If the jury believed the witness for plaintiff, one cannot say that liability is not supported by the weight of the evidence. But considering the nature of injuries claimed and some of the testimony concerning same, I do not believe the amount of damages awarded is supported by the weight of evidence.

New trial granted unless plaintiff, within fifteen days of notice of this decision, remits all damages in excess of $1300.

For plaintiff: Cooney and Cahill.

For defendant: Clifford Whipple and F. W. O'Connell.